**No. 46177.**—Protest 998362–G of W. C. Thomas Tobacco Co. (New York).

Opinion by DALLINGER, J. At the hearing a sample of the merchandise was admitted in evidence. The testimony showed that the dice game is a combination of gears, levers, and rotating cylinders attached to the well-known dice spots. The main lever is located in front and exercises pressure or a rotating effect on the gears located in the interior of the machine. The numbers on all five dice simultaneously rotate when pressure is applied and the various points indicate what has been rolled by the rotating of these dice. It seems that by rotating a horizontal bar the cylinders with the dice spots are spun around and then show a certain result. By using a single button only one of these dice rotates and the machine is operated by various springs. The testimony also showed that there are two separate mechanisms. From the record it was found that the exhibit in question is a mechanical contrivance for utilizing and applying energy or force or for the transmission of motion. Following *Simon* v. *United States* (8 Ct. Cust. Appls. 273, T. D. 37537) the court found that it was a machine and the claim at 27½ percent under paragraph 372 was sustained.

**No. 46178.**—Petition 6142–R of Roger & Gallet (New York).

Opinion by DALLINGER, J. The question in this case is whether a 12 percent French luxury tax should be included in the dutiable value of merchandise imported from France. From the record and in view of various decisions of the Customs Court and the Court of Customs and Patent Appeals, which finally decided adversely to the importer in *Roger & Gallet* v. *United States* (24 C. C. P. A. 46, T. D. 48331), the court was satisfied that the petitioners acted in good faith and that the entry of the merchandise at a less value than that returned on final appraisement was without any intention to defraud the revenue of the United States, to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JULY 22, 1941

**No. 46179.**—Protest 978707–G (B) of J. A. Manton (New York).

Opinion by CLINE, J. It was stipulated that the ginger root is the same as that the subject of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126). The claim for free entry under paragraph 1768 was therefore sustained.

**No. 46180.**—Protests 935173–G, etc., of B. R. Anderson & Co. et al. (Seattle).

Opinion by CLINE, J. It was stipulated that the merchandise is the same as that the subject of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126). The claim for free entry under paragraph 1768 was therefore sustained.